some others I have discussed need not be definitely passed upon in this case.

My conclusion is that the defendant rightfully went into the chamber with a lighted candle; and that the plaintiff did not show he was negligent in using the candle at the time he went into the chamber with it: in other words, I think the evidence, when all considered together, does not establish a cause of action against the defendant. The judgment of the justice was therefore against evidence and law; and the County Court should have reversed it, instead of affirming it. It follows that this court should reverse the judgment of the County Court and that of the justice, with costs.

Judgment reversed.

## DANVERS *a.* DORRITY.

*Supreme Court, First District; Special Term, January,* 1862.

### PARTITION.—PLEA IN ABATEMENT.

The right of one of several joint-owners to a partition of undivided real property is not absolute.

No one has the right to make another a party to an action when the same controversy is in course of settlement in another court.

Where, in an action for the partition of real property owned by partners in joint tenancy, it appeared on the trial that the action had been commenced during the pendency of an action brought by the defendant in another court for a dissolution of partnership and an accounting, which involved the real property in question;—*Held,* that the complaint must be dismissed.

Trial by the court.

This was an action for the partition of certain real estate situated in the city of New York, owned jointly by the plaintiff and defendants. The answer set up that the property in question was owned by the parties to the action as tenants in common. That the parties were partners in trade, and had carried on business on the premises in question, and that the property sought to be partitioned had been owned by them as such co-

partners. That in April, 1856, the partnership was dissolved by the retirement of one of the defendants therefrom. That in February, 1858, the defendant Dorrity commenced an action in the Superior Court against the plaintiff and the defendant Russell, demanding judgment that the defendants be decreed to render an account of the stock, fixtures, machinery, and effects, and that the plaintiff's interest be adjusted and stated, and that he have judgment for the amount of his interest therein, or that a receiver be appointed to take and sell the property and distribute it among the partners according to their respective interests; and that the action in the Superior Court was still pending and undetermined.

On the trial the defendants proved the pendency of the action in the Superior Court and rested. The plaintiff thereupon introduced evidence that there was nothing due or owing from the late firm at the time of the commencement of this action so set forth in the answer, or at any subsequent time.

*William W. Niles*, for the defendants, contended that the matter pleaded and proven was matter in abatement of the action. That it showed a former action commenced by one of .the defendants against the plaintiff and his co-defendant in this action, in which the whole matter in controversy in this action might be disposed of, and that it was not competent for the plaintiff to bring this action while that was pending and undisposed of.

*I. T. Williams*, for the plaintiff.—I. The answer is bad as a plea in abatement: to abate one suit by showing the pendency of another, it was necessary to prove that the plaintiff in the action had, before the commencement thereof, commenced still another action against the defendant therein, for the same identical cause of action.

II. Where suits are brought, involving the same transaction, but the plaintiff in one is defendant in the other, and the defendant in the one is plaintiff in the other, the party who first brings his action to trial may proceed with the trial thereof, although the other action may have been first commenced, and if successful in the action may thereafter, by a supplemental answer, plead the adjudication in such action in bar of such other action.

III. It is not competent for a party to prevent his adversary from suing him, by first suing his adversary. If a party have a cause of action, he may bring an action thereon, and bring it to trial, as an absolute right, not subject to being defeated by the fact that his adversary had before the commencement of it, brought a similar action against him. (Naylor *a.* Schenck, 3 *E. D. Smith*, 135; Swan *a.* Bean, referred to in 3 *E. D. Smith*, 158; Lightbody *a.* Potter, 10 *Wend.*, 534; Bushnell *a.* Brown, 2 *Burr.*, 1229; Evans *a.* Prosser, 3 *Term*, 186; 1 *Watts and Serg.*, 57; 1 *Ashmead*, 7.)

IV. The pleadings in the suit here pleaded in abatement show no case for the equitable or legal interposition of the court. 1. There is no expulsion of the plaintiff, or unjust interference with his legal rights, charged or set forth and charged in that action. 2. No insolvency or wrongful act on the part of the defendants is alleged or charged. 3. No debts are alleged to exist, but on the other hand it is virtually admitted in the complaint that there are none. 4. The complaint in that action does not allege that either of the members of the firm, or the firm itself, is indebted to the plaintiff. No waste or destruction of property is alleged. It is not alleged that the defendants are preventing the plaintiff from taking possession of any thing which he has a legal right to take possession of. No contract is alleged to be broken. No wrongful act is alleged to be done.

V. The right of partition is the absolute right of one of several owners of real estate, subject to be defeated for good and legal cause, but that it lies upon the defendants to affirmatively establish such a defence.

CLERKE, J.—The right to a partition of undivided real estate is not, I conceive, absolute. The relations of the joint-owners towards each other may be such that it would be exceedingly unjust to grant to any one owner such a right,—unjust not only to the other owners, but productive of injustice to creditors of other owners. Besides, no man has a right to make another a party to an action when the controversy is in a course of settlement in another court.

This is precisely the position of affairs between the parties to this action. The real estate sought to be divided constituted a part of the capital of the copartnership which existed between

them, and although it has not been positively proved that there are any liabilities of the firm remaining due, yet it would not be safe to take the testimony of any one witness upon that point as conclusive. Nothing but a final accounting can be satisfactory on that point, or on the question of the claims of the respective parties.

. The action pending in the Superior Court involves the property now sought to be divided, and until that action is terminated, it would not be proper to entertain any suit for the partition of it. The commencement of this action was totally unnecessary.

The complaint should be dismissed as to all the defendants, but with costs only in favor of Dorrity.