TRUEMAN H. SHEPPARD, APPELLANT, v. CHARLES T. BOGGS, APPELLEE.

1. **Equity:** JURISDICTION: PARTNERSHIP. Where an action is brought for the dissolution of a partnership and for an accounting, a court of equity, having obtained jurisdiction of the cause, may retain it for the purpose of doing complete justice between the partners, and to avoid a multiplicity of suits.

19

2.  **Partnership**: SALE BY ONE PARTNER TO ANOTHER. When a partnership is dissolved, the good-will is a part of the assets of the firm, and the court may order it sold or disposed of in such manner as may be deemed most advantageous to the partners. And the court may permit a partner to retain it upon payment of the full value thereof to his co-partner.

APPEAL from Lancaster county district court. Tried below before WEAVER, J., sitting in that county. The opinion contains a statement of the case.

*Lamb, Billingsley & Lambertson,* for appellant.

The referee finds as a fact that " The agencies of responsible and reputable companies having an established business are recognized and treated by insurance agents as valuable property or interest, etc." The parties both treated it as property at the time the defendant sold it to the plaintiff for $900. The measure of value of this property was fixed, and the value of the property itself was found by the referee. No bill of exceptions having been preserved by the defendant this court cannot inquire upon what evidence this finding was made, nor whether upon sufficient or competent evidence. The facts as found must be taken as conclusive. The value of that property—the agencies— the referee finds to have been $901.36; one-half of this, or $450.68, should have been added to the amount of the judgment or decree entered. That the findings of the fact that these agencies were property, and fixing the value of the same, is conclusive here in this proceeding, see *Holden v. M'Makin,* Parsons Select Eq. Cases (Pa.), 284.

In *Case v. Abeel,* 1 Paige Ch., 401, the court required the defendant, a surviving partner, to account for property and good-will of a business twelve years after, although he was guilty of no fraud, but while the contract under which he had held the same was void.

Here the case is stronger; the defendant has excluded the plaintiff from the business and acquired a secret and private advantage while the partnership was subsisting.

The court having obtained jurisdiction in a suit for an accounting between partners, adjudicates the whole matter, notwithstanding any defect in the pleadings, if any there be. *Boyd v. Foot*, 5 Bosw., 110. *Manufacturer's Bank v. Cox*, 2 Hun., 572. *Veazie v. Williams*, 8 How., 149. *Gillett v. Hall*, 13 Conn., 426.

The defendant having obtained the agencies and the books and papers by fraud, and forcibly excluded the plaintiff from them, and reduced them to his own possession, the referee properly found the value of them, and the plaintiff is entitled to judgment as was prayed in the exceptions and motion. *Adams v. Kable*, 5 B. Mon., Ky., 386.

*M. H. Sessions*, for appellee.

There was no tangible or commercial value in the agencies held; the party holding them had no guarantee of holding them any length of time, neither could the agent sell and transfer the same.

This interest or value, as found by the referee, is too intangible and uncertain to form a basis as to value. It is altogether speculative, and depends upon too many contingencies to be the subject of sale as assets. *Taylor v. Bemis*, 4 Bissell, 406. It is only an estimate of what the profits of the business will be for a year; the plaintiff then asks to have that estimate divided by two, and says that the quotient is the just value of one half of the assets of the concern, and asks to have the defendant charged with the same. The proposition is neither law, justice, nor common sense. It will be conceded that there will be no profits to any one during

the term for which the plaintiff claims this division only through the skill, labor, and industry of the defendant. Now upon what principle or theory can the plaintiff claim one-half of defendant's earnings, and he during the same time remain in idleness? There is no such doctrine in the law. *Gordon v. Bennet*, 7 Wis., 360. *Masterson v. Brooklyn*, 7 Hill, 62. *Wilson v. Martin*, 1 Denio, 602. *Heckscher v. McCrea*, 24 Wen., 304. *Shannon v. Comstock*, 21 Wen., 457. *Bradley v. Denton*, 3 Wis., 557. *Skinner v. Dayton*, 19 Johns., 536.

The amount sought to be recovered by plaintiff is in no sense assets of the firm; and he is practically seeking to recover damages for a breach of contract, as he claims, by reason of the defendant wrongfully putting an end to the partnership. That cannot be done in this action. *Woodcock v. Bennett*, 1 Cow., 755.

MAXWELL, CH. J.

This action is brought into this court by appeal. In the court below the case was referred to a referee, who found in substance that in October, 1875, the plaintiff paid the defendant $900 to be admitted to a half interest in the business of certain insurance companies in the city of Lincoln; that the partnership continued until about the 1st of January, 1877, when the defendant excluded the plaintiff from the business and from access to the books of their agencies, taking them exclusively into his own possession. The referee found a settlement had been made between the parties in October, 1876, and a due bill given by the defendant to the plaintiff for the amount due, which was excluded from consideration. He also found that the commissions on the business of the firm from October 1st, 1876, to December 31st of that year, was the sum of $345.71, and that the expenses were the sum of $31.45,

leaving the net receipts the sum of $314.26. The referee also found that the net premium receipts for the year preceding the dissolution of the agency was the value of the agency, and that such receipts amounted to the sum of $901.36. As a conclusion of law the referee found that the plaintiff was not entitled in this action to an accounting, or to recover on the due bill, and found that there was due the plaintiff the sum of $167.49½. Exceptions to the report were overruled by the district court and judgment rendered on the finding. The finding of facts is not objected to by either party, and none of the testimony is preserved in the record.

The only question to be determined is, the correctness of the conclusions of law of the referee. The petition is an ordinary one for a dissolution of the partnership and an accounting. The answer admits many of the allegations of the petition to be true, and alleges that the defendant has at all times been ready to settle and account with the plaintiff. That a court of equity has authority in such a case to decree an accounting will not be denied, and having obtained jurisdiction for this purpose, it may retain it for the purpose of doing complete justice between the parties, and to prevent a multiplicity of suits. Story's Eq. Juris., § 64, k.

When a partnership is dissolved the good-will is a part of the assets of the firm.

In *Willett v. Blanford*, 1 Hare, 253, the V. C. says: "The whole or a substantial part of the trade may consist of good-will, leaving the renewal of contracts with the old connection of the firm unaffected; in such case the good-will is the identical source of profit, which operates both before and after dissolution."

In *Bradbury v. Dickens*, 27 Beavan, 53, the court, on the dissolution of a literary partnership, ordered the right to use the name "Household Words" to be sold

and the proceeds to be distributed with other assets of the firm.

In *Williams v. Wilson*, 4 Sand. Ch., 379, where, on the dissolution of a partnership in a private insane asylum, one of the partners, as in this case, claimed the right to retain the sole possession of the establishment, the court ordered the lease of the premises, together with the good-will, to be sold and the proceeds distributed among the partners.

In *Wedderbum v. Wedderbum*, 22 Beavan, 84, it was held that "the good-will of a trade, although inseparable from the business, is an appreciable part of the assets of a concern, both in fact and in the estimation of a court of equity."

Upon the dissolution of a partnership, a court of equity may order the assets to be sold, or disposed of in such manner as may be deemed most advantageous to the members of the firm, or it may permit a partner to retain them upon full payment to his co-partners of the value of his interest. As the referee has found the value of the agency to be the sum of $901.36, the plaintiff is entitled to one-half of that sum. The referee therefore erred in his conclusions of law, and the court below in confirming his report. The judgment of the court below is reversed, and judgment rendered in this court for the sum of $785.70 against the defendant, with costs of suit and reference.

JUDGMENT ACCORDINGLY.