## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 2, 1899.

LEWIS A. GUSDORF
VS.
SOLOMON SCHLEISNER.

*Moses R. Walter* and *Chas. W. Field* for the plaintiff.

*Moses Sonnehill* and *Isidor Rayner* for the defendant.

STOCKBRIDGE, J.—

This case comes again before the Court upon motion of the plaintiff's attorney for a personal decree as against the defendant for an amount due by the defendant to the plaintiff, in final equalization and settlement of the partnership relations heretofore existing between them. Accounts between the parties to this cause as partners have heretofore been stated and ratified by this Court, and by the decree of the 5th of November, 1898, the amount due by the said partners *inter sese* was finally ascertained and adjudicated and the sole question now is, when the Court by its decree so ascertained and adjudi-

cated the state of accounts between the parties, had it exhausted its power and jurisdiction, or does there inhere the jurisdiction by personal monetary decree for such ascertained balance to make the former decree of this Court effective; or must recourse be had to a suit at law, and a judgment obtained there, upon the decree of this Court?

The authorities are clear that when the ascertained balance that is due as between partners has been by accounts stated by themselves, the proper remedy for the recovery of such balance is by an action at law.

McSherry vs. Brooks & Barton, 46 Md. 116.

Holloway vs. Turner, 61 Md. 217.

That, however, is not this case. In the pending proceedings the partnership has been dissolved and accounting had, not made up by the partners, but by the auditor of this Court, and finally established by the decree of this Court. If now a Court of Equity has to remit its decree to a Court of law for the entry of a judgment thereon, it has entered a decree which it has no power to enforce, and if it has no power to enforce it, it should not have been entered. That this is not the case, but that a Court of equity which has once obtained jurisdiction over partners and partnership estate, and has therein dissolved the partnership, and made an accounting between the partners, has also jurisdiction for the purpose of doing complete justice between the parties is clear, for the jurisdiction of equity having once attached will be maintained for the protection and final adjudication of all the interests involved.

Kunkel vs. Fitzhugh, 22 Md. 567.

But the specific question raised here has also been raised and passed upon and monetary decrees entered in the cases of

Sheppard vs. Boggs, 9 Neb. 261.

Gleason vs. Van Aernam, 9 Oregon 343.

Epping vs. Aiken, 71 Ga. 682.

And the principle thus laid down is adopted as the established law in Lindley on Partnership, 2 Am. Ed., pp. 1084-1095.

Entertaining these views the application for a personal decree will be granted.