[L. A. No. 979.   Department Two.—March 19, 1902.]

DANIEL H. CLARK, Respondent, v. RUBY HEWITT, Administrator of the Estate of H. T. HEWITT, Deceased, Appellant.

PARTNERSHIP—SETTLEMENT OF ACCOUNTS—REPORT OF REFEREE—OMISSIONS IN FINDINGS—DECISION AGAINST LAW—NEW TRIAL.—The report of a referee, empowered to try the issues, which recommended the judgment entered in a suit for the settlement of partnership accounts, and which failed to find upon or dispose of property in the hands of a receiver of the partnership assets, is a decision against law, which is ground for reversal of an order denying a new trial.

ID.—DISPOSITION OF ASSETS ESSENTIAL TO JUDGMENT.—No judgment for or against either partner can be entered in a suit for an accounting and settlement of the partnership until all of the assets of the copartnership have been disposed of and a final balance ascertained.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

John F. Crowe, for Appellant.

T. T. Porteous, for Respondent.

THE COURT.—This is a suit for the settlement of a partnership account between the plaintiff and defendant's intestate. The case was, on stipulation of the parties, referred to a referee to "try . . . all . . . the issues in the action, whether of fact or law, and report a finding and judgment thereon as provided by section 638, subdivision 1" of the Code of Civil Procedure; and on the coming in of the referee's report judgment was rendered against the defendant for the sum of $3,747.60 and costs. Motion was made for a new trial, which, on plaintiff's remission of $800.05 from the amount adjudged, was denied; and the defendant appeals from the order denying the motion. He also appeals from the judgment, but that appeal was not taken in time, and must be disregarded.

It is found by the referee that there is due to the plaintiff from the defendant the sum of $3,747.60. But it appears from his findings that in his settlement of the account he did not include property in the hands of the receiver, which he finds "belongs to the said parties in equal shares, and should be disposed of by the court according to the interests of the parties." Nor was any disposition made of this property in the judgment reported by him and entered in the case.

There is, therefore, no finding upon a material issue; for no judgment for or against either partner could be properly rendered before the remaining assets of the copartnership had been disposed of. The law on this subject is correctly stated in section 971 of volume 2 of Bates on Partnership as follows: "No personal decree is to be rendered against individual partners until the assets have been converted into money,—that is to say, the excess of receipts by a partner over his disbursements is not to be ordered paid in by him to the receiver before the assets have been exhausted, but is a mere item to be debited to him on the final balance; nor where all the debts have been paid, except what is owing from one partner to the other, should this be ordered paid until the assets are collected; that is, the creditor partner is to be paid out of the proceeds of assets as far as possible." And the law is stated in *Rosenstiel* v. *Gray*, 112 Ill. 282, as follows: "On bill for accounting between partners, it is not proper to render a personal decree against one partner for the excess of receipts over disbursements, until his interest in the firm assets has

first been exhausted to make good the deficiency." The referee, therefore, failed to dispose of an issue referred to him which was necessary to the decision of the case; for without a finding as to the existing property of the copartnership, including that in the hands of the receiver, there could be no basis for a judgment. And where there is a failure to find upon a material issue, "the decision is against law, and may be reviewed on appeal from an order granting or refusing a new trial." (*Adams* v. *Helbing,* 107 Cal. 301, and cases there cited.)

The order denying a new trial is reversed.