[Civ. No. 350. Second Appellate District.—July 8, 1907.]

## A. C. STOWER, Respondent, v. ROSA KAMPHEFNER, Appellant.

PARTNERSHIP—ACCOUNTING AND DISSOLUTION—SUFFICIENCY OF FINDINGS AS TO ASSETS.—In an action for an accounting and dissolution of a copartnership, an objection that there is no finding of the referee whether certain buildings belonging to the partnership were real or personal property is not tenable, where the land on which they are situated is not a partnership asset, and the unsold buildings are specifically described in the findings of the referee.

ID.—STORE BUILDING DESTROYED BY FIRE—APPRAISEMENT OF WALLS—SALE.—Where a store building had been destroyed by fire and its walls were appraised at $400, which sum was charged in the account, and the walls are not included in the report of the referee, it must be inferred that with other property they had been sold prior to the report of the referee.

ID.—DESCRIPTION OF LOT—LOCATION—PARTNERSHIP ASSET.—It is not necessary to give a particular description of a lot which is found to

be a partnership asset, where the location of the lot is given, and it was sold as a partnership asset.

ID.—PARTNERSHIP LIABILITIES—CONSTRUCTION OF FINDINGS.—*Held,* that the findings, construed together, are not inconsistent, as to the amount of present liabilities of the partnership on unpaid accounts.

ID.—COMPLETE ACCOUNTING—CONVERSION OF ASSETS INTO MONEY—FINAL DECREE.—Where it sufficiently appears that there was a full and complete accounting of the copartnership affairs, and that all of the assets had been marshaled and converted into money before the rendition of the final decree between the individual partners, and no error appears in the record, the final judgment must be affirmed upon appeal therefrom.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

John E. Daly, A. D. Laughlin, and R. B. Bidwell, for Appellant.

E. A. Miller, and Bowen & Miller, for Respondent.

SHAW, J.—Action for accounting and dissolution of copartnership.   The appeal is from the judgment.

The issues were referred to a referee, and upon the filing of his report the court adopted the same as its finding and rendered an interlocutory decree dissolving the partnership, and ordered the referee to sell the assets then belonging to the firm and pay the proceeds received from the sale thereof to the creditors.   The referee, after making the sale and disbursement of the proceeds in accordance with the order, so reported to the court, which thereupon rendered its final decree, from which this appeal is taken.

Appellant contends for a reversal of the judgment upon the ground that there is no finding as to whether or not certain buildings belonging to the partnership constituted real or personal property.   The buildings in question consisted of an oil-house, coal-house, barn and walls of a store building.   The objection as to all of said buildings, other than the walls of the store building, is fully answered by that part of the report wherein it is found: "The assets at this date are . . . *unsold personal property,* wagon scales, barn, two tanks, one coal-house, one oil-house."

It is further contended the court failed to find what interest, if any, the partnership had in the lands upon which such buildings were located and in whom the title in said lands vested. The real estate upon which the buildings were erected was not included in the report of the referee, which purports to cover all the assets of the firm, and as the assets did not include the land it was immaterial in whom the title vested, inasmuch as it was not a partnership asset.

The store building was destroyed by fire on July 16, 1903. The report of the referee was filed November 22, 1904. Among other assets, it was found that the firm, at the time of the fire, owned "walls of store building." These walls were not included in the assets at the time of making the report, and we must, therefore, conclude that, like other assets of the copartnership, they had been legally disposed of, and the proceeds arising from such disposition applied in reduction of the liabilities. The valuation placed upon these walls is $400. Appellant is charged with "building" in the sum of $400, and it is apparent that the "walls of store building" reported among the assets after the fire and thereafter charged to appellant as "building" are identical.

It is further objected that the findings do not describe the lot in Glendora, and, hence, there was no finding to support the description of this lot as set forth in the interlocutory decree. We can see no reason for giving a particular description of the lot, any more than to particularly describe other of the assets belonging to the copartnership; nor does appellant cite us to any authority requiring such description.

There is no ground for the contention that the findings are inconsistent. The "sundry unpaid accounts, amounting to $392.80," added to the "balance due A. C. Stower," separately found, constitute the "present liabilities" of $1,610.26.

"No personal decree is to be rendered against individual partners until the assets have been converted into money." (*Clark* v. *Hewitt*, 136 Cal. 77, [68 Pac. 303]; *Rosenstiel* v. *Gray*, 112 Ill. 282.) It sufficiently appears there was a full and complete accounting of the copartnership affairs before the rendition of the final decree, and that all the partnership assets had been marshaled and converted into money before the decree was rendered.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.