[Civ. No. 834.   Third Appellate District.—December 12, 1911.]

## OSCAR RASSAERT and J. F. McCARTHY, Appellants, v. L. J. MENSCH, Respondent.

PARTNERSHIP—DISSOLUTION AND ACCOUNTING—DISPOSITION OF ASSETS —ASCERTAINED VALUE—AWARD TO CONTRIBUTING PARTNER AS CASH. Though, in general, a judgment cannot be entered against a partner in a suit for an accounting and settlement of the partnership, until all of the assets of the partnership have been disposed of and a final balance ascertained, yet where the assets are but of little value, and that value is ascertained, and is not called in question, there can be no objection to awarding them to one of the partners who has advanced money to the partnership, and who, in any event, will be entitled to judgment against the other partners and who is willing to accept the same as cash, in order to prevent the expense of selling the assets.

ID.—SETTLEMENT OF PARTNERSHIP ACCOUNTS—LIABILITIES MUST BE PAID OR ADJUSTED.—Before there can be a decree finally settling the partnership accounts, the liabilities must be paid or adjusted to the satisfaction of the creditors. When equity undertakes to adjust the differences between partners, it must adjust them all, and leave nothing open for future litigation. No mere dissolution of any kind affects the rights of third parties who have had dealings with the partnership. The fact that the amount due to creditors is not large does not affect the principle that the liabilities to them must be adjusted.

ID.—CLAIM FOR DAMAGES TO PARTNERSHIP FROM MISCONDUCT OF MANAGING PARTNER—EFFECT OF PRIOR ORDER DISSOLVING PARTNERSHIP.—The plaintiffs in the action for dissolution and accounting of the partnership are not precluded by a prior order dissolving the partnership from proving a claim for damages to the partner-

ship arising from alleged breach of the partnership agreement by the managing partner defendant both prior to such order of dissolution and subsequent thereto while winding up its partnership affairs. The dissolution of the partnership was a distinct issue, apart from the issue as to damages, and did not affect the rights of the parties in the matter of the accounting.

Id.—Proof of Damages Before Dissolution.—If it could be shown that, during the continuance of the partnership, the defendant had interfered with his partners in the discharge of their separate duties under the partnership agreement, in a way to result in damage to the partnership, or had refused to supply money as agreed for the business, or had neglected his duties and devoted his time to his private business, to an extent not authorized by such agreement to the detriment of the partnership business, and the circumstances were such as to import a breach of duty on his part, and the resulting damages were proximately chargeable to his misconduct and could be estimated in money, the evidence thereof would be admissible.

Id.—Proof of Damages After Dissolution.—Where the defendant, as managing partner, was liquidating the business after dissolution, he was in duty bound to discharge it in a manner to conserve the interests of all of the partners, and the plaintiffs had the right to visit the works, and to show, if they could, that defendant used some of the material of the partnership in his own private business, that he recklessly or improvidently conducted the business at this stage in a way to involve loss, which by ordinarily prudent management might have been avoided.

Id.—Sufficiency of Pleading as to Damages.—Where the amended complaint sets forth the written agreement of copartnership, and pleads detailed violations thereof by defendant sufficient to cover proof thereof before and after the dissolution, and alleges resulting damages to the partnership in the sum of $3,000, it is sufficient to justify proof of damages not exceeding that sum; excepting in so far as some of the resulting damages alleged may be too remote.

Id.—Opinion Evidence Inadmissible.—It was inadmissible to introduce the opinion evidence of a witness as to whether a certain line of policy would have been profitable, if pursued. No mere opinion evidence of an ordinary witness is admissible.

Id.—Evidence of Conferences of Parties Prior to Partnership Agreement Inadmissible.—It was not competent for plaintiffs to show by previous conferences something in addition to or in variance with the written articles of partnership, which must be presumed to contain all matters that were agreed upon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Francis Dunn, for Appellants.

Louis H. Brownstone, for Respondent.

CHIPMAN, P. J.—In plaintiffs' amended complaint they pray that the partnership existing between plaintiffs and defendant be dissolved; for an accounting, and "for such other further and separate relief as may be meet in the premises." The original complaint was filed November 23, 1907, and prayed, among other things, that defendant be restrained from interfering with the partnership property. In their amended complaint plaintiffs allege that plaintiffs and defendant entered into a written agreement of copartnership on September 17, 1907, under the name of the Concrete Products Company, and that said partnership "is engaged in the business of manufacture and selling various products of concrete"; that "defendant has failed to perform his duties under said agreement and in many respects has violated the terms of said agreement." Defendant's shortcomings are thus specified: "Said defendant agreed to furnish the money necessary to carry on said business, but he has neglected and refused to do so; by said agreement plaintiff above named, Oscar Rassaert, was made superintendent of construction and was given superintendence of all of the construction work of said partnership; said defendant has interfered with said plaintiff in said work in many ways, countermanding orders given to the employees of said partnership by said plaintiff without the knowledge or consent of said plaintiff and has himself assigned employees to construction work without the knowledge or consent of said plaintiff, and has taken said employees from work of said partnership and assigned them to his own individual work; that said conduct of said defendant has led to frequent quarrels and dissensions among the members of said partnership and has interfered with the orderly management of the business of said partnership; that by the premises said partnership has been damaged in the sum of three thousand dollars."

Averring the ownership of "certain property located in the city and county of San Francisco and the county of

Alameda," the amended complaint closes with the prayer. Defendant answered the amended complaint without demurring thereto.

A referee was appointed who had the parties before him. From his report, which is in the record, and from the evidence submitted at the trial, the court found that, by stipulation made in open court, it had made an order dissolving the partnership and ordering an accounting; that defendant has not violated the terms of the partnership agreement in any respect, but has in all respects complied therewith; that he has not failed or refused to furnish the necessary money to carry on the business, nor has he done any of the acts complained of in plaintiffs' complaint as specified therein; that, on November 18, 1908 (the evidence shows that 1908 should read 1907), a dispute arose between the parties, and as a result thereof "the said plaintiffs and defendant agreed between themselves to separate, and thereafter the said plaintiffs abandoned the business and said defendant liquidated the said business."

In the matter of the accounting the court found: That defendant advanced in the business $3,872; that plaintiffs advanced no money; that the money received by the defendant in the business was $1,800; that the value of the partnership assets remaining undisposed of was $143.50; that defendant is entitled to have said assets set over to him; that the amount paid by defendant on account of said partnership in excess of the amount received by him is $1,828.70, which the court finds is the loss sustained by the partnership and is to be borne equally by the partners. The court, therefore, found that defendant is entitled to judgment against each of plaintiffs for one-third of this amount—$609.56. Judgment passed accordingly, from which and from the order denying their motion for a new trial plaintiffs appeal.

In his oral decision (which appears in the record) the trial judge states that he arrived at his figures as follows: After deducting the charge made by defendant for rent the expenditures were $3,767.70, to which the court adds $104.50, being the outstanding indebtedness which is charged to defendant and to be paid by him, making $3,872.20. The receipts from work done were $1,800, to which the court adds $143.50, the value of the remaining assets, making $1,943.50.

This amount, deducted from the expenses, leaves $1,928.70. The findings state this latter sum to be $1,828.70, or $106 less than as shown by the oral decision—manifestly an error in subtraction.

The first point made is that the decision is against law because there remained liabilities unpaid and assets not reduced to cash.

There was evidence as to the value of the assets, which consisted of some forms, or molds, and equipment. Plaintiffs offered no evidence in rebuttal of this value, the amount being $143.50. No evidence was offered to show that the value was not fairly ascertained or that any greater amount could have been realized by ordering a sale which would necessarily have involved some expense.

The rule, generally stated, is that a judgment cannot be entered against a partner in a suit for an accounting and settlement of the partnership until all the assets of the copartnership have been disposed of and a final balance ascertained. (*Clark* v. *Hewitt,* 136 Cal. 77, [68 Pac. 303].) Where, however, the assets are of but little value and that value is ascertained and is not called in question, we can see no objection to awarding these assets to one of the partners, if he is willing, and charge him with them as cash, where, in the settlement, under any view of the case, he would be entitled to judgment against the other partners.

The matter of the liabilities presents a question of greater difficulty. The adjustment made might be said, in one view, to protect plaintiffs, as between them and defendant, to the extent of two-thirds of the indebtedness, but they are individually liable for the whole of it after the assets are exhausted. Defendant may not pay the liabilities and the creditors might look to plaintiffs for payment and subject them to an action for enforcement. The creditors are not bound by the decree in this action. The judgment would leave the partnership business unsettled and the liabilities unpaid. Before there can be a decree finally settling the partnership accounts the liabilities must be paid or adjusted to the satisfaction of the creditors. No dissolution of any kind affects the rights of third parties, who have had dealings with the partnership, without their consent. (Parsons on Partnership, secs. 296, 297.) When equity undertakes to ad-

17 Cal. App.—41

just the differences between partners, it adjusts them all; the account and decree must include all these matters, and leave nothing open for future litigation or controversy. (*Griggs* v. *Clark,* 23 Cal. 427.) The fact that the amount is not large does not affect the principle. It certainly is not so small as to come within the maxim *"De minimis non curat lex."*

There was evidence from which the court was justified in finding that the partners had practically dissolved the partnership about the eighteenth day of November, 1907, and that after that date—either the 18th or 20th of November—the defendant was engaged exclusively in liquidating or winding up the business. Plaintiffs filed their original complaint for a dissolution and accounting on November 23, 1907; and there was evidence that they took no part in the management of the partnership business thereafter.

Plaintiffs endeavored, in many ways and by various forms of questions, to prove damage to the partnership, resulting from the conduct of defendant in the particulars set forth in their amended complaint, and otherwise. The court sustained objections to practically all these questions and such offers, and these rulings are alleged as error.

The partnership contract provided that defendant Mensch should "have charge of the office end of the business," and that plaintiff Rassaert should "have charge of the manufacturing end of the business, while Mr. McCarthy shall have charge of negotiation and acquisition of business, provided that the system followed by each party in the conduct of his part of the firm's affairs shall be such as will enable the other parties at all times to ascertain and understand their details, and further provided that each and every party shall not do any act or pursue any course in the conduct of his part in the firm's affairs which appear to the other parties to be impolitic, imprudent or unsafe as a business proposition." It was also agreed that defendant "Mensch is to furnish the money necessary to run the business as long as the other parties are not able to realize or borrow money on whatever property they may possess or as long as they are unable to make their earnings in the business offset the money invested by Mr. Mensch." There are many other provisions in the contract showing that it was the intention of the parties to subdivide the work, but that no one partner should have the right to act independently of the others in managing the business.

Appellants thus classify the questions which were objected to and objection sustained:

1. Questions relating to the matter of alleged damage caused the partnership by defendant's breach of the contract.

2. Questions relating to the exclusion of plaintiffs from participating in the winding up of the partnership affairs.

3. Questions relating to the weight of defendant's testimony and the matter of laying a foundation for rebutting it.

We cannot take up these questions in detail; they are numerous, and in some instances counsel for plaintiffs stated at some length what they were prepared to prove if permitted. Some of the questions were objectionable in their form and others were proper but were not followed up in a way to show prejudice by the ruling, i. e., it did not appear that the matter sought to be brought out would have aided plaintiffs.

But there is enough in the record to show that plaintiffs were not permitted to go into matters which were relevant and material under the issues presented by the pleadings. At a point when plaintiffs endeavored to show that defendant had not supplied money for the business as he had agreed to do, and after plaintiffs had offered to show other alleged breaches of duty, objection was sustained and the court said: "I know perfectly well why you ask it, and in a moment more you will see why I have ruled this way. You have some things here that would be pertinent to dissolution, and some of them would be impertinent to dissolution. In so far as they are pertinent to dissolution, you have obtained your remedy in that behalf, that they have become *functus officio*— we are no longer concerned with them at all. Then you have got some other things here, and you wind up with a prayer for damages in the sum of $3,000.

"Mr. Brownstone: That is the original complaint your Honor is reading from.

"The Court: No, I have the amended complaint, and it winds up with asking for damages in the sum of $3,000. Now, Mr. Dunn, the complaint does not state any cause of action for damages. If you have any idea that you have been damaged in any respect, there has been no cause of action for damages pleaded here.

"Mr. Dunn (After citing 109th California, 130) : We claim that this decision decides that it would be perfectly pertinent in this action to give the partnership a judgment against the defendant for any damages by reason of misconduct on his part caused to the partnership.

"The Court: Under an appropriate pleading, unquestionably so."

It appears that, on October 19, 1908, the cause came on for trial and on that day defendant consented to the entering of an order dissolving the partnership and appointing "a referee to take the account," and thereafter, on November 30, 1908, the "cause came on regularly for trial" and was tried. The court consistently, throughout the subsequent efforts of plaintiffs to sustain their claim of damages, ruled against them.

We do not think that the order dissolving the partnership pending the further hearing precluded proof of damages arising from defendant's alleged breach of the partnership agreement. Nor do we think it precluded evidence of defendant's breach of duty while winding up its partnership affairs. If it could be shown that, during the continuance of the partnership, he had interfered with his partners in the discharge of their separate duties in a way to result in damage to the partnership or refused to supply money for the business, and the circumstances were such as to import a breach of duty on his part and the resulting damages were proximately chargeable to his misconduct and could be estimated in terms of money, we see no reason why such evidence was not admissible. The dissolution of the partnership was a distinct issue apart from the issue of damages and did not affect the rights of the parties in the matter of the accounting. "A mere dissolution has no effect whatever on the property of the partners, or their interest in the joint stock or joint rights, or their power over old existing debts due to them or due from them; excepting always that they all entirely lost the power of acting for each other, any further than all joint debtors or joint creditors may do." And where, as here, there was no special agreement as to the powers of the partners after dissolution, "each one has a perfect right to require, and through equity to compel, a final settlement and adjustment of all questions and all property; and each one has the

same power as to this, and all the details connected with it,
as any other.'' (Parsons on Partnership, sec. 286.)

We think that defendant was charged with the duty of
liquidating the business (if it be true that he was liquidating
the business after the partners had apparently agreed to dis-
agree and ceased to act as partners) in a manner to conserve
the interests of all the partners, and plaintiffs had the right
to visit the works and to know something of the manner in
which the business was being wound up. If defendant used
some of the material of the partnership in his own private
business, which he charged to the partnership, it was com-
petent to show this; if he recklessly or improvidently con-
ducted the business at this stage in a way to involve loss
which by ordinarily prudent management might have been
avoided, it was competent to so show; if, during the partner-
ship, defendant neglected his duties and devoted his time to
his private business, to an extent not authorized by their
agreement, to the detriment of the partnership business, this
could be shown. The case of *Bremner* v. *Leavitt,* 109 Cal.
130, [41 Pac. 859], is authority for holding that the trial
court was in error in its ruling that no cause of action for
damages was pleaded. We cannot undertake to point out
the specific questions and rulings of which complaint is made.
It may be that some of the alleged resulting damages claimed
are too remote—indeed, we think they are. In some instances
the opinion of the witness was asked as to whether a certain
line of policy would not have been profitable if pursued.
Such an opinion alone would have been immaterial and so
of other mere opinions sought to be shown.

A line of questions was objected to and sustained in which
plaintiffs sought to show what the parties talked about and
agreed to do before they had entered into the written agree-
ment.

The agreement is quite an elaborate document, consisting
of twenty separate paragraphs, setting forth minutely what
was undertaken to be done by the parties, the duties of each
and the general scope and purposes of the venture. It was
not competent for plaintiffs to show by previous conferences
something in addition to or in variance of this written instru-
ment, which latter must be presumed to contain all matters
that were agreed upon.

Upon a careful review of the record we are impressed with the belief that plaintiffs' rights were not adequately conserved, and, for the reasons stated, the judgment and order are reversed.

Hart, J., and Burnett, J., concurred.