## C. H. BAGG v. H. O. OSBORN.[1]

November 12, 1926.

No. 25,478.

**Finding of value of real estate sustained.**
1. The evidence sustains a finding as to value of real estate.

**Method of accounting between partners.**
2. In an action between partners for an accounting and dissolution of the partnership it is *held:*
(a) The general rule is that the property of the firm is to be converted into cash by sale.
(b) When there are no debts the court may make a judicial partition or division in specie.
(c) Owelty is an equalization charge.
(d) A partner cannot in such action compel a partner to buy at a valuation fixed by the court.
(e) The presence of debts compels a sale of assets; and a personal judgment is not to be rendered against an individual partner until the assets have been converted into money.

[1]Reported in 210 N. W. 862.

(f) In winding up the affairs of a partnership the best method to ascertain the value of the property is to sell it.

(g) The court may control the acts of the partners in reference to property which is beyond its territorial jurisdiction.

Owelty, 29 Cyc. p. 1548 n. 84 New.

Partnership, 30 Cyc. p. 694 n. 74; p. 710 n. 85; p. 717 n. 48 New; p. 737 n. 73; p. 744 n. 39; p. 746 n. 47 New; p. 748 n. 64.

Defendant appealed from the judgment in favor of plaintiff, Montgomery, J., in an action in the district court for Hennepin county for dissolution of a partnership and for an accounting. Reversed.

*Robert M. Works,* for appellant.

*F. E. Clark,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment. The action is for a dissolution and an accounting of a partnership. The assets consisted of a Canadian farm of 1,280 acres and the usual personal property thereon, all of which were in defendant's name. The court found the value of the total assets $87,379.21.

1. Appellant challenges the court's finding the farm, less mortgages, to be of the value of $68,371.37. The mortgages were $8,049.23. This meant that the finding amounted to a valuation of $76,420.60. Does the evidence support this finding? The evidence is not satisfactory nor is it strong. When the parties negotiated a trade for this farm the owner priced it at $75 per acre. Appellant inspected the land and reported to plaintiff that it was worth approximately the valuation put upon it. This is not denied and we think that it may be inferred that reference was had to the $75 per acre. One Denny, a realtor in Minneapolis, was called as a witness as to value. His familiarity with the land in question and the source of his knowledge as to value tended to discredit his judgment, but the trial court properly received his testimony. He estimated the value at $75 per acre or $96,000 with the improvements, the value of which was fixed by the court at $18,407.84.

Deducting this leaves the value of the land without the improvements $77,592.16 or $1,171.56 more than the court found it to be. The farm was well improved and mostly under cultivation. We think this evidence permitted the court to find as it did. It is therefore not our prerogative to disturb the conclusion of fact.

2. In an action of this character the general rule is that the property of the firm is to be converted into cash by sale. 15 Enc. Pl. & Pr. 1106; Lindley, Partnership, 520, 657; 2 Rowley, Modern Law of Partnership, § 728, p. 1004; Story, Partnership, § 350; 2 Bates, Law of Partnership, § 974. Some authorities hold that a division in specie cannot be made without the consent of the parties. 30 Cyc. 744; Leyhe v. McNamara (Tex. App.) 243 S. W. 1074; Godfrey v. White, 43 Mich. 171, 5 N. W. 243. But this is an action in equity. The court has jurisdiction. After the debts are paid we see no reason why the court should not have the power to make a judicial partition in all respects the same as if the suit was originally for partition. 30 Cyc. 694; 2 Rowley, Modern Law of Partnership, § 672, p. 914; Jackson v. Deese, 35 Ga. 84; Patterson v. Blake, 12 Ind. 436; Green v. Stacy, 90 Wis. 46, 62 N. W. 627; Pierce v. Covert, 39 Wis. 252; 2 Bates, Law of Partnership, §§ 975, 976; Danvers v. Dorrity, 14 Abb. Pr. 206; Chase v. Angell, 148 Mich. 1, 108 N. W. 1105, 118 Am. St. 568, 20 R. C. L. 870; Tenney v. Simpson, 37 Kan. 579, 15 Pac. 512. (Some authorities limit this power to making the partners tenants in common. Nix v. Green, 95 Okla. 247, 219 Pac. 380).

This is upon the theory that all the debts are paid and that the assets are no longer required for partnership purposes. 1 Rowley, Mod. Law of Partnership, § 601, p. 793. Why shouldn't it be so? If any reason exists in a partition action why property should be divided and not sold, that same reason should be just as effectual in this kind of a case to prevent a sale. If the debts were all paid and property existed that was capable of being divided without prejudice to the owners, it would save a multiplicity of lawsuits to order a partition in the pending action rather than to merely determine the respective interests and leave it for another action in

partition. The results may be more quickly had in the one action. But there is little reason to act in piecemeal. Since a sale of part is necessary it would seem that ordinarily all should be sold.

If the court may partition it may order owelty. Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735. But owelty may be ordered only when it is equitably necessary. It is merely an equalization charge incident to a division in specie. Owelty is predicated upon a division. There can be no owelty in the absence of a division of property.

The trial court really stated a mere debtor and creditor account between the two parties. We believe that was an error. One partner cannot compel the other to buy according to a valuation fixed by the court nor should one have to submit to a sale on such basis. Story, Partnership, § 351. Property cannot be treated as money and charged to either partner. First Nat. Bank v. Rush (Tex. App.) 210 S. W. 521. There is a mortgage to be paid. This fact, in the absence of agreement of parties, compels a sale. The fact that a sale cannot now be favorably made does not modify the rule. If such is the fact it is equally important to the other partner who is required by the judgment to take it at a valuation contrary to his wishes. Defendant loaned plaintiff $37,006.77. The judgment says that he must now accept an interest of the assets of an unsuccessful partnership in payment, must pay the existing mortgage indebtedness and must also pay plaintiff $4,800 and continue to carry the perils of the investment. This is against his wishes. Does the law under such circumstances permit the imposition of such burdens? We think not.

It is the right of each partner to have the property sold and thereby converted into money. Lindley, Partnership, 657. Such is the mode provided by equity for winding up the affairs of partnership. Moore v. Wheeler, 10 W. Va. 35. Hence no personal judgment is to be rendered against an individual partner until the assets have been converted into money. 2 Bates, Partnership, § 971; Clark v. Hewitt, 136 Cal. 77, 68 Pac. 303; Shuken v. Cohen, 179 Cal. 279, 176 Pac. 447; Rosenstiel v. Gray, 112 Ill. 282; Stower v.

Kamphefner, 6 Cal. App. 80, 91 Pac. 424; Rassaert v. Mensch, 17 Cal. App. 637, 639, 120 Pac. 1072. In winding up the affairs of a partnership the best method to ascertain the value of the property is to sell it. Sigourney v. Munn, 7 Conn. 11; Id. 7 Conn. 324; Johnson v. Mantz, 69 Iowa, 710, 27 N. W. 467; Freeman v. Freeman, 136 Mass. 260; Sheppard v. Boggs, 9 Neb. 257, 2 N. W. 370; Du Pont v. McLaran, 61 Mo. 502. Undoubtedly in many cases the partners may better serve their own interests. Ordinarily they will do so. But suppose they will not. Then, as in this case, they are to deal with the partnership property according to the prescriptions of law. The rule is founded upon the intrinsic necessity. If the property will not sell at public auction the best test of value will have been adopted and the concerns of the partnership are speedily closed.

It is suggested in the briefs that since the property is in Canada it is beyond the effective reach of the court. Perhaps so. But the court, through its jurisdiction and control of the parties, may control their acts in reference to the property.

The judgment is reversed with directions to take further action in accordance with the views herein expressed. The matter should be disposed of upon the present record and any further evidence that either party desires to submit.

Reversed.