[L. A. No. 4496.   Department Two.—November 19, 1918.]

S. SHUKEN et al., Plaintiffs and Respondents, v. H. COHEN, Defendant and Appellant; THE TRADERS BANK OF LOS ANGELES (a Corporation), Defendant.

PARTNERSHIP—DISSOLUTION AND SETTLEMENT—FRAUD—PLEADING.—In a suit between partners wherein the court found that the partnership was dissolved at a certain time by mutual agreement and that between that date and a subsequent date plaintiff was induced to agree to a certain settlement and division of partnership assets under the compulsion of menace and undue influence of defendant. and others amounting to fraud upon him, the contention that the complaint was insufficient because it failed to aver that before the commencement of the action plaintiff restored defendant to his former rights as a partner cannot be maintained, where an amendment to the complaint averred a dissolution as of a time prior to the contract of settlement, and the dissolution and other contract were distinct transactions. The rescission of the latter did not involve a re-establishment of the *status quo* of the contracting parties as partners.

ID.—MARSHALING ASSETS — JUDGMENT AGAINST PARTNERS — DISTRIBUTION.—While in general a judgment may not be entered against a partner in a suit for an accounting until all of the assets have been marshaled and made to bear the burden of the copartnership liabilities, in cases where there are no liabilities to settle except as between the partners themselves, such course is not necessary, and in proper cases property of the copartnership may be distributed in kind.

ID.—APPEAL—SUFFICIENCY OF EVIDENCE—PRESUMPTION.—Where no part of the evidence except certain of the exhibits appears in the transcript, it must be assumed on appeal that all of the findings are supported by ample proof.

ID.—DISSOLUTION—METHOD OF.—Dissolution of a partnership may be had by retirement of one of the partners or by agreement.

ID.—PLEADING — WAIVER OF OBJECTIONS.—Objection in such case that the complaint does not plead facts sufficient to constitute duress operating upon plaintiff in such manner as to compel him to sign the alleged unconscionable agreement, and criticism of the pleading of plaintiff's partial disability by reason of an accident to his head, in the absence of a special demurrer on these grounds, cannot be raised on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. H. D. Gregory, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Veitch & Richardson, Harry Ellis Dean, and Isador Morris, for Appellant.

Baird, Gerecht & Chambers, for Respondents.

MELVIN, J.—H. Cohen, one of the defendants, appeals from a judgment in favor of plaintiffs on their bill in equity, and against said Cohen on his action, by way of cross-complaint, for recovery on six promissory notes for five hundred dollars each. The other defendant made default, so the action as to The Traders Bank of Los Angeles (a corporation) need not be considered herein.

The transcript consists of the judgment-roll alone. There is no bill of exceptions and it does not appear that any party demurred to any of the pleadings. Before judgment the plaintiffs were permitted to file certain amendments to their complaint to make it conform to the proofs. These amendments were duly noticed and served on appellant's attorneys, but no objection of any kind was made to them. The court found that in July, 1914, S. Shuken and H. Cohen entered into a copartnership, according to a written agreement, by which they were to carry on the business of buying, selling, and dealing in junk; that Shuken invested in the copartnership $7,458.13 and Cohen $1,588.76; that they continued the conduct of the business until December 23, 1914, when they mutually agreed to dissolve the partnership; that prior to the said date Cohen wrongfully took possession of certain books of account and papers belonging to the copartnership and wrongfully denied Shuken access to them until after December 29, 1914; that between December 23 and December 29,

1914, Cohen, personally, and assisted by one Joe Margolis, represented to Shuken and his wife that said Shuken had stolen certain of the firm's moneys and that Cohen and Margolis could prove that fact by the books and papers in their possession, and that Shuken was guilty of a felony. It was also found that Cohen and Margolis demanded, then and there, that Shuken deliver to Cohen certain specified personal property used in the business and four thousand dollars in money, or that Shuken should retire from the copartnership, accepting as his share therein four thousand dollars. It was also found that Cohen and Margolis threatened that if Shuken did not comply with their demand they would cause his arrest and imprisonment. According to the findings it appears that plaintiffs, defendant Cohen, Margolis, and one Lyons, are Russian Jews; that Shuken is not conversant with the English language and is ignorant of the laws of this state concerning crimes and their punishments; that Shuken's mental powers, owing to an injury to his head, had been impaired; that Margolis represented that he was about to be appointed to a position in the office of the district attorney and would have great power and influence in' prosecuting offenses; that said Lyons (who was a law student during a part of said period from December 23 to December 29, 1914), counseled and advised Cohen, and was present at some of the conversations between Shuken and Cohen and Margolis; that the Shukens had great confidence in Margolis and in his and Lyons' influence with the state and county officials; that S. Shuken was not guilty of any crime, but by reason of the threats and statements of Cohen and Margolis, consented to the division of the copartnership property upon the demanded terms and executed a certain writing and delivered to Cohen a team of horses, wagon, and harness, five hundred dollars in cash, one-half of the hay belonging to the copartnership, and signed and delivered seven promissory notes, each for five hundred dollars, payable to Cohen. The court found that in parting with his property Shuken acted under the compulsion of menace and undue influence amounting to fraud upon him. The notes were put in The Traders Bank (as the court finds), and one of them was paid early in 1915. There were also findings to the effect that on December 23, 1914, Shuken's total net investment in the copartnership was $5,358.13 (he having already been repaid two thousand one

hundred dollars), and Cohen's was $1,588.76, making the total investment at the time of the dissolution $6,946.89; the net assets were $6,859.77—showing a net loss of $87.12, of which $43.56 was chargeable to each partner. Accordingly, it was found that at all times from December 23 to December 29, 1914, the partners were entitled upon dissolution of the copartnership to the following amounts: Cohen to $1,545.20, of which he has received one thousand dollars in cash, and horses, etc., worth four hundred dollars, leaving a balance due him of $145.20. It was also found that since December 29, 1914, Shuken and Cohen have engaged separately in business, using a part of the property formerly belonging to the copartnership; and that by reason of these facts it was impossible to make an inventory of the property which belonged to the copartnership at the time of its dissolution; and that all the liabilities of the copartnership up to December 29, 1914, amounting to $4,278.13, had been paid by plaintiff.

As conclusions of law which were carried into the judgment the court determined that the copartnership ceased to exist on the 23d of December, 1914; that Cohen was entitled to receive from Shuken $145.20 and the latter was entitled to retain all the other property formerly owned by the firm; that the certain instrument made December 29, 1914, purporting to provide for a dissolution of the copartnership, is void and of no effect; that the six promissory notes, each for five hundred dollars, are void and must be delivered for cancellation; and that plaintiffs recover costs from appellant.

Appellant endeavors to make the point that the complaint was insufficient because it failed to aver that before the commencement of the action plaintiffs restored him to his former rights as a partner. Even if appellant, who did not demur to the pleading nor specify error on account of the supposed infirmity of the complaint, were in a position to set up this objection, nevertheless this criticism of the pleading is without force. By the amended pleading the date of dissolution was averred as of a time prior to the contract of settlement. The dissolution and the other contract were distinct transactions. Therefore, the rescission of the latter did not involve a re-establishment of the *status quo* of the contracting parties as partners.

It is also contended that the court had no power to render a personal judgment against one of the partners until the

partnership property had been converted into money and the liabilities paid, as far as possible, from said fund. (Citing *Clark* v. *Hewitt,* 136 Cal. 77, [68 Pac. 303]; *Rassaert* v. *Mensch,* 17 Cal. App. 637, [120 Pac. 1072].) The cited cases really support the contention of counsel for respondents. While those authorities hold that in general a judgment may not be entered against a partner in a suit for an accounting until all of the assets have been marshaled and made to bear the burden of the copartnership liabilities, in cases where there are no liabilities to settle except as between the partners themselves, such course is not necessary. In *Harper* v. *Lamping,* 33 Cal. 641, it was held that in proper cases property of the copartnership may be distributed in kind.

There is no force in the contention that the findings do not sustain the complaint or the amended complaint. No part of the evidence except certain of the exhibits appears in the transcript, so we must assume that all of the findings are supported by ample proof. The findings are in substantial accordance with the pleadings as amended. In this behalf it is asserted that there could be no dissolution without a division of the assets or some arrangement for such division, and that, therefore, the finding that dissolution did occur may not stand. But dissolution may be had by retirement of one of the partners (*Ross* v. *Cornell,* 45 Cal. 133), or by agreement of partners (*Wagner* v. *Wagner,* 50 Cal. 76). The court found that the partnership was dissolved by mutual agreement December 23, 1914, and this is in strict accord with the pleading to which appellant did not demur.

Next it is asserted that the complaint does not plead facts sufficient to constitute duress operating upon Shuken in such manner as to compel him to sign the alleged unconscionable agreement. Further criticism is directed against the pleading of Shuken's partial disability by reason of an accident to his head. But having failed to raise these objections by special demurrer, appellant may not do so now. (*Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].)

No other alleged errors require discussion.

The judgment is affirmed.

Wilbur, J., and Lorigan, J., concurred.