[Civ. No. 2656.   Third Appellate District.—January 29, 1924.]

## FRED PEARDON et al., Respondents, v. THOMAS W. WHITE, Appellant.

[1] ACCOUNTING—JOINT ADVENTURE—COMPLIANCE WITH SECTIONS 2466 AND 2468, CIVIL CODE.—In this action for an accounting, the trial court having found that there was no copartnership but that the plaintiffs and defendant were engaged in a joint adventure, it was not necessary for plaintiffs to comply with the provisions of sections 2466 and 2468 of the Civil Code.

[2] ID.—PARTNERSHIP AT WILL—DISSOLUTION—TIME.—Where the complaint in an action for an accounting alleges the formation of the partnership, the agreement to advance the moneys, the purposes for which it is to be organized, and concludes with a prayer for dissolution and accounting, this shows a partnership at will, that may be dissolved at any time.

[3] ID.—AMOUNT OF ADVANCEMENTS—RIGHT TO ACCOUNTING.—In this action for an accounting, the evidence having failed to establish a partnership, but it having established a joint adventure and that plaintiffs and defendant from time to time had made advances, the trial court, in order to ascertain the rights of the parties, properly ordered an accounting for the purpose of ascertaining and determining the amount of money advanced by the respective parties and the date of the advancements.

[4] ID.—JOINT ADVENTURE AGREEMENT WITH PARTNERS.—The fact that plaintiffs were doing business as partners did not prevent them as individuals from entering into an agreement of joint adventure with defendant.

[5] ID.—AMOUNT DUE—FINDINGS.—In this action for an accounting, the court, after setting forth various items, having found that the amount due plaintiffs by defendant was a specified sum, for which sum judgment was subsequently entered in favor of plaintiffs and against defendant, the findings were sufficient to show the amount of indebtedness from defendant to plaintiffs.

[6] ID.—JUDGMENT—INTEREST.—In such an action, interest is properly allowed on the sums advanced by plaintiffs, but which should have been paid by defendant, from the dates of such advancements at the rate of seven per cent per annum.

[7] ID.—PERIOD OF ACCOUNTING.—In an action for an accounting, it is no valid objection that the accounting is not brought down to the date of entry of judgment, where the accounting is brought down to the latest possible date. '

---

3.  Settlement of accounts between joint adventurers, note, Ann. Cas. 1912C, 204.

APPEAL from a judgment of the Superior Court of Yuba County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crofton & Wetmore and Frank A. Duryea for Appellant.

W. P. Rich for Respondent.

PLUMMER, J.—Action for an accounting. Plaintiffs had judgment. Defendant appeals. It appears from the pleadings and transcript in this action that in 1920 and up to the date of the entry of judgment herein the plaintiffs were the owners of a certain ranch situated in the county of Sutter upon which they were raising Thompson seedless grapes, the plaintiff Peardon owning a half interest in the ranch and the other plaintiffs a one-fourth interest each. This ranch was operated by the plaintiffs as partners.

During the same period of time the defendant has been the owner of a ranch located in close proximity to the ranch belonging to the plaintiffs. The defendant was likewise engaged in the raising of Thompson seedless grapes. Prior to the transaction hereinafter referred to neither plaintiffs nor the defendant had a fruit-drying plant of their own. Early in 1920 the plaintiffs and the defendant agreed that they would construct a raisin and fruit-drying plant for the use of the plaintiffs and defendant respectively. The plaintiffs were to pay one-half of the cost thereof and the defendant to pay one-half of the cost of such plant, and that the plaintiffs and defendant should be equal owners in said plant and when grapes were dried the expense of operating the plant should be prorated between the plaintiffs and defendant,—that is, the total expense of operating the plant should be divided between them in proportion as the tons of grapes dried by each bore to the total number of tons dried. The drying plant itself was erected upon the property belonging to the plaintiffs and was operated during the years 1920 and 1921. The cost of the plant was several thousand dollars. A few bills were paid by the defendant, but the greater portion thereof was paid by the plaintiffs.

[1] The complaint alleges that the plaintiffs and the defendant were copartners in this enterprise. The trial court found that there was no copartnership but that the plain-

tiffs and the defendant were engaged in a joint adventure
and directed that an accounting be had. The first point
made for reversal is that the plaintiffs have not complied
with the provisions of sections 2466 and 2468 of the Civil
Code in that no certificate of partnership was ever filed or
published.

As it does not appear, however, that the plaintiffs entered
into any agreement or joint adventure with the defendant
as partners, this contention is untenable and needs no fur-
ther consideration. [2] It is next contended that the com-
plaint is insufficient in its allegations concerning partnership
in that it sets out no time for its continuance and no cause for
dissolution. Only a general demurrer was filed to the com-
plaint and calls for a consideration of the complaint as a whole
only. The complaint alleged the formation of the partner-
ship, the agreement to advance the moneys, the purposes for
which it is to be organized, and concludes with a prayer for
dissolution and accounting. This shows a partnership at will,
and under such circumstances a partnership that may be dis-
solved at any time. (Sec. 2449, Civ. Code; subd. 2, sec. 2450,
Civ. Code; 30 Cyc., p. 712.)

[3] Upon the conclusion of the plaintiff's testimony a
motion for nonsuit was made on the ground that the evidence
failed to establish a partnership. The court denied the mo-
tion, holding that the testimony established a joint adventure
and made out a case entitling the plaintiff to an accounting.
Several cases are cited by the appellant to the point that
a court will not grant an accounting where an accounting
is unnecessary. The principal case relied upon is that of
*Kinley* v. *Thelan,* 158 Cal. 175 [110 Pac. 513]. An exami-
nation of this case shows, however, that it has no application
to the issues presented by the case at bar. In the case of
*Kinley* v. *Thelan, supra,* it appears that a balance due upon
an unsettled account had been fixed by an agreement and a
note given therefor and the court held that, under such
circumstances, in the absence of a charge of fraud or mistake
an accounting would not be permitted. In the case at bar
the plaintiffs and the defendant made advances and, in order
to ascertain the rights of the respective parties, it was neces-
sary for the court to ascertain and determine the amount
of money advanced by all the persons engaged in the joint
adventure and the date of the advancements. It could only

be done by taking an accounting of the various transactions. In the case of *Coward* v. *Clanton,* 122 Cal. 451 [55 Pac. 147], the precise questions here presented were considered and determined. It was there held that the fact that the relation was wrongly averred to be that of partners and not of persons engaged in joint adventure was immaterial. "If a case is stated which entitles the plaintiff to relief it matters not that the contract which is correctly set out is wrongly called a contract of partnership. . . . Whether the facts would have given jurisdiction to a court of equity is of no consequence. We have no such courts, but our courts afford the remedies to which the facts may show the parties are entitled, whether legal or equitable." A reading of this case shows that further citation of authority upon this point is unnecessary. [4] The fact that the plaintiffs were doing business as partners did not prevent them as individuals from entering into an agreement with the defendant herein, as before stated, and hence the defendant's motion in abatement was properly denied.

[5] It is next contended that the findings are defective and that they do not show the amount of the indebtedness from the defendant to the plaintiffs. Paragraph 7 of the findings, however, is a complete answer to this contention. After setting forth various items, it is found that the amount due the plaintiffs by the defendant is the sum of $3,779.05, for which sum the judgment was subsequently entered in favor of the plaintiffs and against the defendant.

[6] The court allowed the plaintiffs interest for the sums advanced by them which should have been paid by the defendant from the dates of such advancements at the rate of seven per cent per annum. This we hold to be proper, "interest in such cases should be allowed on advances from the time of payment." (23 Cyc. 457; *Crenshaw* v. *Crenshaw* (Ky.), 61 S. W. 366; *Hopkins Mfg. Co.* v. *Ruggels,* 51 Mich. 474 [16 N. W. 862].) "Joint adventures and partnerships are governed by the same rules of law." (23 Cyc. 453.)

[7] It is next objected that the accounting is not brought down to the date of entry of judgment. It appears, however, from an examination of the transcript that the accounting was brought down to the latest possible date and the taking of testimony ended on the twentieth day of September, 1922. Judgment was entered in October thereafter.

There appearing no valid reasons for disturbing the judgment entered by the court in this case, it is ordered that the same be and it is hereby affirmed.

Finch, P. J., and Young, J., *pro tem.*, concurred.