[Civ. No. 3369.   Third Appellate District.—November 23, 1927.]

MRS. J. A. McCAULEY, Respondent, v. ALBERT EYRAUD, Appellant.

J. B. Joujon Roche and Martin E. Geibel for Appellant.

E. D. Martindale for Respondent.

PLUMMER, J.—Action by plaintiff for dissolution of partnership and accounting.

The record shows the following: Summons served on the defendant June 4, 1924.   Default of the defendant in

failing to answer the summons and complaint served in this action entered June 16, 1924. Default judgment dissolving partnership and appointment of commissioner to take an accounting entered June 24, 1924. Accounting before the commissioner appointed by the court had on July 22, 1924, both parties appearing by attorneys. Report of commissioner returned to the court July 24, 1924. Objections to commissioner's report filed by defendant July 31, 1924. Notice that application would be made to the court on the twenty-eighth day of August, 1924, to set commissioner's report for hearing served July 23, 1924, and filed August 25, 1924. Notice of motion for order setting aside default and vacating decree and judgment served July 26, 1924, filed on August 28, 1924. August 15, 1924, minute order entered denying motion to vacate default and set aside decree and judgment. October 14, 1924, notice of motion for rehearing of defendant's motion to set aside default served and filed. October 21, 1924, minute order entered on rehearing of motion to set aside default, granting motion upon condition that defendant pay to plaintiff $75 if trial results adversely to defendant. On the twenty-first day of November, 1924, plaintiff served, and on the twenty-sixth day of November, 1924, filed notice of motion to set aside and vacate the order of the court made on the twenty-first day of October, 1924, vacating and setting aside judgment entered by default, etc. On December 22, 1924, minute order entered granting the motion to vacate and set aside the order granting the motion to vacate the default judgment and reviving and restoring the default judgment. The appeal is prosecuted by the defendant from this last order.

The complaint sets forth that on or about the fourth day of February, 1924, the plaintiff and the defendant entered into a contract of partnership in writing, whereby the parties agreed to conduct a laundry located at 1963 Weber Avenue, Willowbrook, California. That thereafter the defendant wrongfully excluded the plaintiff from participation in said partnership, and also refused to allow the plaintiff to examine the books and accounts of said partnership, and was retaining for himself all of the proceeds thereof. Dissolution of the partnership is prayed for, and also that a commissioner be appointed to take an account-

ing. Annexed to the complaint is a copy of the written agreement of partnership, from which it appears that the defendant conveyed to the plaintiff one-half interest in the partnership business herein stated for the sum of $300. The written agreement shows that the partnership is what is known as a "partnership at will," no time being fixed for the continuance thereof. The proposed answer filed by the defendant in connection with his motion to set aside the default herein referred to admits the partnership, but denies that he wrongfully excluded the plaintiff from participation therein. Thus it appears at the very beginning of the consideration of this cause that only the accounts of the partnership were actually involved by the complaint filed in the action and the answer sought to be filed. Being a "partnership at will" the right of dissolution might be exercised by either party at any time, and the question whether the defendant did or did not wrongfully exclude the plaintiff from participation therein is an entirely immaterial question. In the case of *Peardon* v. *White*, 65 Cal. App. 463 [224 Pac. 263], in considering · dissolution of partnerships at will, this court has held that a complaint alleging formation of a partnership, agreement to advance money, purposes for which it is to be organized, and concluding with a prayer for dissolution and accounting, showed a "partnership at will" which could be dissolved at any time in view of Civil Code, sections 2449, 2450, subdivision 2. To the same effect is case of *Shuken* v. *Cohen*, 179 Cal. 279 [176 Pac. 447], where it is held that under a "partnership at will" a partner may retire and have an accounting or that dissolution may be had by mutual agreement. (See, also, 20 Cal. Jur. 799, sec. 98.) The record shows that the defendant appeared at the hearing had before the commissioner appointed to take an accounting; that the accounting consisted in an examination of the books of the partnership; that the commissioner reported to the court the result of the accounting, and that the defendant filed his objections thereto; that application was made for the setting of the time by the court to consider the report of the commissioner. The record is absolutely silent as to the action of the court in relation to the account filed by the commissioner. Whether the report of the commissioner was affirmed, modified, amended, or rejected does not appear

124

from the transcript, and the appeal herein does not present any questions in relation thereto, and it cannot be determined from the transcript before us whether the appellant suffered any prejudice by reason of the action of the court in relation to any matters pertaining to the accounting. One of the briefs filed by counsel contains a statement that commissioner's report was approved, but the record contains nothing of the kind. The certificate to the transcript, certified to by the clerk, omits any mention of such order in the transcript, but does not set out specifically, every other paper, order or matter of record in the proceeding. The transcript is certified to by the judge of the court as being correct.

We are thus brought to a consideration of the notice of defendant's motion to vacate the default judgment entered herein. We are dealing with the first motion. The motion sets forth that it will be made upon the ground that the default and the judgment thereon were taken through mistake, inadvertence, and excusable neglect of the defendant. That the motion would be made and based upon the proposed answer of the defendant, accompanying the notice, affidavits filed therewith and the pleadings and files and records of said cause. The affidavit of the defendant sets forth that at the time of the service of summons upon him he did not speak the English language very well, nor did he understand the English language very well. That he had been in this country only about fifteen years and was not familiar with legal proceedings. Other reasons are set forth, such as that the defendant was unable to bear the expense of an appeal, and therefore his motion to vacate the default should be granted in the interests of justice. The defendant's wife also made an affidavit to the effect that all the matters set forth in the proposed answer were true. Counter-affidavits were filed by the plaintiff to the effect that the defendant had stated, when the papers were served upon him, that he had a lawyer who would look after the matter, and also to the effect that the plaintiff had $4,000 worth of property. Additional affidavits filed by the defendant showed that there was a mortgage of some $2,000 on the property referred to. It is sufficient to say that all the matters, so far as material to anything which the trial court should consider upon an application to set aside

the default, were controverted by affidavits filed by the plaintiff. At the time of the hearing before the court of the defendant's motion to set aside the default, the record shows that the defendant had had full opportunity to be present, and was represented by counsel in the taking of the account by the commissioner. That the defendant's objections to the account were before the court for future consideration. That the opening of the default would not tender to the court any questions for determination· that could not be considered by the court as the cause then stood, with the objections of the defendant to the commissioner's account then before it. It is true the commissioner's report as contained in the transcript would indicate that the commissioner found that there was due from the defendant, instead of from the partnership, the $300 which the plaintiff had invested therein, and the accumulated profits of $78.25, but as hereinbefore stated, there is no showing that this error of the commissioner was not corrected by the court, assuming, without any record thereof, that the trial court finally passed upon the commissioner's report. Whether, upon the record presented to us, the strict letter of section 4½ of article VI of the state constitution, wherein it provides that no judgment shall be set aside or new trial granted for any error as to any matter of procedure unless it appears that there has been a miscarriage of justice applies, need not be decided. It is sufficient to say, however, that the spirit of that section applies to this case. There is no showing whatever of any miscarriage of justice. As we have seen, being a "partnership at will," dissolution could be had at any time. If the action of either party resulted in damage to the other, a question of damages may be presented, which is not presented in this action. By reason of the pleadings herein filed by the plaintiff and the proposed answer filed by the defendant, so far as the dissolution of partnership is concerned, no other judgment could be entered herein, save and except that the court might find that the defendant had not excluded the plaintiff from participation. This, however, would not prevent the right of the plaintiff to obtain dissolution. The proposed answer does not set forth any damages that would be suffered by the defendant, but only presents matters which were proper to be presented to the

commissioner taking the accounting and to be urged upon the attention of the trial court when passing upon the report of the commissioner. A very similar case is presented in *Williams* v. *Reed,* 43 Cal. App. 425 [185 Pac. 515], which was an action for dissolution of partnership and accounting. Default was entered there just as here. In considering the question of setting aside the default, the court in that case said, after referring to the conflicting affidavits: "Thus we see that a very sharp and decided conflict as to the questions presented was present. Under these conditions, we are powerless to interfere with the conclusion of the trial court herein. The rule is, as it has been so frequently stated by the Supreme Court as well as by this court, that in the consideration of an appeal from an order made upon affidavits, etc., involving the decision of questions of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be taken as established. (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001] ; *Hyde* v. *Boyle,* 105 Cal. 102 [38 Pac. 643] ; *Bernou* v. *Bernou,* 15 Cal. App. 341 [114 Pac. 1000].)" And, further, in answer to the argument that the discretion of the trial court should be liberally exercised in passing upon motions under section 473 of the Code of Civil Procedure the opinion in the Reed case states: "In this we agree. And the presumption is that, in the absence of satisfactory showing to the contrary, the lower court so exercised its discretion. In this case our attention has not been called to anything which would show an abuse of discretion of the trial court, and since, as before stated, the deciding of the motion was a matter otherwise purely within the discretion of that court, we are now impotent to disturb the conclusion reached." The final order of the court and the one appealed from shows that the court took into consideration all the facts set forth in the records to which we have referred, just as the trial court did upon the first motion to vacate the default. It is urged by the respondent that the trial court had no jurisdiction to entertain the motion for a rehearing of the first motion to set aside the default, on the ground that more than sixty days had elapsed before the motion for rehearing was made,

and therefore that the order of the court denying the motion to vacate the default and entering of the default judgment had become final.

For the reasons which we have stated, there being no showing whatever of any prejudice suffered by the defendant, or any showing that the discretion of the court has been so abused as to justify interposition by an appellate court, it is unnecessary to pass upon the question of whether a trial court has or has not jurisdiction to rehear the motion to set aside a default, where the motion is not interposed until more than sixty days have elapsed after the entry of the order denying such motion.

No reason being made to appear for holding that the trial court abused its discretion herein, the order appealed from is affirmed.

Hart, J., and Finch, P. J., concurred.