[L. A. No. 15869.   In Bank.—December 10, 1936.]

MRS. RACHEL FISH et al., Appellants, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation) et al., Respondents.

Arthur J. Edwards for Appellants.

Edward D. Garratt for Respondents.

THE COURT.—Petitioners are executors of the estate of Chester A. Bell, deceased. On November 21, 1935, they filed a petition in the Superior Court of Los Angeles County under the Mortgage and Trust Deed Moratorium Act of 1935 (Stats. 1935, p. 1208; Deering's Codes, Laws and Const. Amdts., 1935 Supp., p. 1336), praying for postponement of sale by the trustee under power of sale contained in a deed of trust executed by said Chester A. Bell. A notice of default and election to sell under the trust deed had been filed on October 10, 1935. Petitioners appeal from the order denying the postponement. Said order as entered in the clerk's minutes is as follows: "Petition heretofore submitted is now by the court denied."

After filing of appellants' opening brief, defendants, Title Guarantee & Trust Company and Title Insurance & Trust Company, trustee and beneficiary, respectively, under the deed of trust, moved to dismiss the appeal or affirm judgment. We are of the view that the judgment should be affirmed. Section 5 of the Moratorium Act provides that the trial court upon hearing may make an order postponing the sale "if it finds equitable grounds for relief". The question whether a sale shall be postponed is thus confided to the equitable discretion of the trial judge. Only where a plain abuse of discretion appears will the order of the trial judge be set aside on appeal. (*Boggs* v. *North American Bond & Mortgage Co.*, 6 Cal. (2d) 523 [58 Pac. (2d) 918].)

In the instant case such an abuse of discretion is not made to appear. The appeal is taken on the judgment roll. The evidence introduced upon the hearing of the petition for postponement is not brought before us by a bill of exceptions or reporter's transcript. In this situation it must be presumed that the evidence supports the allegations of defendants' answer and the order of the trial court. (*Mitchell* v. *Union Drilling Co.*, 1 Cal. (2d) 56 [32 Pac. (2d) 1069]; *Shuken* v. *Cohen*, 179 Cal. 279 [176 Pac. 447]; 2 Cal. Jur. 525, 877.) Upon proof of the facts alleged in

the answer, the order denying the postponement of sale was proper.

The order is affirmed.

Rehearing denied.