[Civ. No. S. C. 39.  Second Appellate District, Division One.—January 14, 1937.]

GRACE Q. WATERMAN et al., Appellants, v. RADCLIFFE PARK et al., Respondents.

E. B. Evans for Appellants.

Dana R. Weller and C. F. Culver for Respondents.

DESMOND, J., *pro tem.*—Grace Q. Waterman and Henry Waterman, cosigners of a trust deed and trust deed note, appeal from a judgment of the trial court dismissing their petition for relief under the Moratorium Act of 1935. (Stats. 1935, p. 1208.) The court ordered the petition denied for lack of jurisdiction. The Moratorium Act, by section 2 thereof, provides, in regard to foreclosures under trust deeds, that at any time within ninety days from the date of recording of notice of default under section 2924 of the Civil Code, or at any time within thirty days after the effective date of the act, but not later than January 1, 1937, a petition praying for an order postponing the proposed sale may be filed in the superior court of the county where the property is situated. Section 5 of the act provides that upon a hearing of the petition the court may make its order, if it finds equitable grounds for relief, ordering that such sale shall not be held until after such date as the court considers just and equitable, in no event later than February .1, 1937, ''or may make its order dismissing such proceedings''.

The petition in the instant case was filed on July 31, 1935, more than ninety days after the recordation by the trustee of

the notice of default required by section 2924 of the Civil Code, which, according to an allegation of the petition, occurred on February 23, 1935. A reference to the Moratorium Act of 1935 will show that it was approved by the Governor of California and became effective on June 21, 1935. It is apparent, therefore, that the petition in this case was not filed within ninety days following the recording of the notice of default or within thirty days after the effective date of the Moratorium Act.

The answer of the defendants, filed August 6th, set up the bar created by the time limitations of ninety days and thirty days mentioned in the Moratorium Act, and so far as the record discloses, no other issues were before the court at the time of the hearing, August 29, 1935. It is true that prior to the date of the hearing, on August 21st, to be exact, the petitioners filed a notice of motion for amending the petition, together with a copy of the proposed amendment, alleging that through inadvertence and mistake they failed to plead in the original petition that the defendants ''had waived and suspended section 2 of the Moratorium Act in so far as said section required your petitioners to file their petition within ninety (90) days after recording notice of default''. If, by a broad view, this mere directing of attention to a defect in the original petition may be given the full effect of an allegation setting up waiver, it still cannot avail the appellants, for it does not appear that the motion to file the proposed amendment was ever heard by the court or called to its attention prior to or at the time of the hearing, or that the court permitted it to be filed. We note from the record that an affidavit in support of the amendment was served by the petitioners on the adverse parties on August 29th, but it was not filed until September 10th, twelve days after the hearing. A stipulation as to facts was also filed on September 10th. Whether this affidavit or the stipulation was submitted to the trial court upon the date of the hearing does not appear from the transcript before us. We are definitely advised, however, from an inspection of the judgment roll in this action, that the motion to amend the petition was never made, and of course no answer which might have been made to the allegations of the amendment was ever filed. Under these circumstances, since the question of waiver did not arise in the lower court, we are

precluded from considering that as an issue presented by this appeal. ■ The record here does not include a bill of exceptions, nor is there a transcript of any evidence that may have been submitted at the hearing. The appeal rests upon the judgment roll alone, and all presumptions in such a case are in favor of the judgment reached by the court. (*Fish* v. *Title Guarantee & Trust Co.*, 8 Cal. (2d) 7 [63 Pac. (2d) 294] ; *Caruthers* v. *Hensley,* 90 Cal. 559 [27 Pac. 411].) ■ We have no means of knowing whether the court took testimony in this case or whether it based its decision solely upon the petition and answer that were before it at the date of the hearing; but at that time, under section 5 of the Moratorium Act, the trial court was authorized in its discretion to make an order dismissing the proceedings. Nothing appears to warrant a conclusion that there was any abuse of the discretion vested in the court; in fact, from the record, it appears quite clearly that the order denying the petition for lack of jurisdiction should be affirmed, and it is so ordered.

Houser, P. J., and York, J., concurred.