[Civ. No. 16046. Second Dist., Div. Three. Dec. 30, 1947.]

Estate of EMMA MARY MILLER, Deceased. EDWIN F. MILLER, as Administrator, etc., Respondent, v. K. J. BERVEN, Appellant.

K. J. Berven, in pro. per., for Appellant.

Donald K. Gault for Respondent.

WOOD, Acting P. J.—On December 6, 1946, the administrator of the estate of Emma Mary Miller, deceased, filed his petition for confirmation of sale of an undivided one-eighth interest in Lots 8 and 10 of Walnut Lawn Tract in Los Angeles County to Ralph C. Glidewell and wife for $600 cash. The property had been appraised at $400 on September 17, 1946. The hearing on the petition was set for January 8, 1947. On January 4, 1947, appellant filed a document entitled "Objection to Confirmation of Sale," wherein he stated that he objected to the confirmation for reasons set forth in an affidavit attached thereto. In the affidavit he stated that on October 10, 1946, he submitted a bid of $600 for said property, which bid was rejected in favor of a prior bid of the same amount; that on January 4, 1947, he filed an action in the Superior Court of Los Angeles County "for specific performance and demanding conveyance" of said property; and that on said date he filed a notice of *lis pendens* in the office of the Recorder of Los Angeles County "on the above said property." On January 8, 1947, the court found that all notices of said hearing had been given as required by law, and it overruled appellant's objections and made an order confirming the sale.

Appellant, appearing in propria persona, asserts in his brief that "this is a motion objecting to the confirmation . . . contrary to the terms of an equitable option given by the deceased during her lifetime to the appellant"; that the option agreement "is contingent upon the clause 'if, as and when all of the tenants in common could agree upon a sale price'"; that the "remaining tenants in common contracted for the sale of the premises without giving notice of . . . any agreed price according to the terms of the option to the appellant"; and that the option "impliedly provided for uninter-

rupted possession of the premises by appellant'' until a sale should be made under the option. He asserts further that he ''relies on the allegations in his complaint for specific performance which recited a good cause of action on which the respondent offered no evidence or denial at the time of confirmation of sale.''

There is no reporter's transcript, or settled statement on appeal, of the proceedings had at the hearing. The only record on appeal is the clerk's transcript, which includes the following: return of sale and petition for confirmation; notice of hearing; affidavit of posting notice of hearing; affidavit of publication of notice of sale at private sale; notice of hearing and affidavit showing service on the purchaser; notice of hearing and affidavit showing service on appellant; the objections to confirmation and affidavit in support thereof; and the order confirming the sale.

The record on appeal is not sufficient to enable this court to determine what evidence was presented, and what proceedings were had, at the hearing. It does not appear that an option agreement or any agreement, or any complaint for specific performance or any complaint, was before the trial judge. This court cannot consider as evidence any assertions made by appellant in his brief regarding an option, and cannot consider the allegations of appellant's purported complaint regarding specific performance. It must be assumed in support of the ruling of the court overruling the objections, and in support of the order confirming the sale, that the evidence was sufficient to support the ruling and the order. (See *Mitchell* v. *Union Drilling etc. Co.,* 1 Cal.2d 56, 61 [32 P.2d 1069], and *Fish* v. *Title Guarantee & Trust Co.,* 8 Cal.2d 7, 8 [63 P.2d 294].)

Appellant also asserts that another undivided one-eighth interest in the said Lots 8 and 10, which lots are involved herein, is a part of an estate of another deceased person and that a sale of that one-eighth interest for $900 was also confirmed by the court on January 8th; and that another and further undivided one-eighth interest in said lots is a part of the estate of another deceased person and that a sale of that one-eighth interest for $900 was also confirmed on said day. He argues that the amount of $600 for which the one-eighth interest involved on this appeal was sold and the amount of $900 for which each of the other two one-eighth interests was sold are so disproportionate that this court would be justified

in vacating the sale of the one-eighth interest here involved. There is no record on appeal, by reporter's transcript, or settled statement, or clerk's transcript, concerning a sale of any additional interest in said lots.

The order confirming the sale is affirmed.

Vallée, J. pro tem., concurred.