[Civ. No. 15746.   Second Dist., Div. One.   Jan. 26, 1948.]

MARTIN FISHER, Respondent, v. ALBERT FISHER, Appellant.

Henry C. Rohr for Appellant.

David A. Matlin for Respondent.

YORK, P. J.—This is an appeal by the defendant from a judgment in which it was decreed that the copartnership existing between plaintiff and defendant, uncle and nephew, respectively, by virtue of a written agreement dated September 1, 1945, was terminated by the mutual consent of the parties on December 24, 1945; that an accounting was had on December 26, 1945; that plaintiff pay to defendant $741.97; and that they were each entitled to an undivided one half interest in any real estate broker's commissions in any escrows pending on December 26, 1945, and out of which the former partnership was entitled to commissions.

It appears from the record herein that under a written agreement dated September 1, 1945, appellant and respondent became copartners for the term of one year in the real estate brokerage business. On December 24, 1945, the partners discussed the termination of the partnership, appellant stating that he had an opportunity to buy a delicatessen business with two other men and he wanted to be released from the partnership agreement. On December 26, 1945, they orally agreed as to the amount of their cash assets, the amount of the unpaid commissions and to an equal division thereof, to wit: respondent was to pay appellant the sum of $741.97, representing $559 invested in the business by appellant; $15 being one half of the utility deposits made by the partnership; $189.97, being one half of the partnership bank account, less $22, representing one half of unpaid current bills. Appellant was also to receive one half of the pending escrows from which the partnership had not then received any commissions. The foregoing facts are uncontradicted.

The point in conflict is the time when the money was to be paid by respondent to appellant. Appellant testified he understood the money was to be paid to him the following Monday, December 31, 1945. Respondent testified he told appellant on December 26, 1945, that he would pay the money as soon as his personal escrow cleared, referring to some lots that he had sold in Whittier, which sale was then in escrow; and that he also told appellant he had no other money out of which to pay the sum agreed upon. Around January 10th, appellant telephoned the office of respondent's attorney to ask if his money were there and was told that he would have to wait 60 days. On January 15th, appellant telephoned to respondent saying he had changed his mind and was coming back, to which respondent replied: "Well, you can't do that, I have made other plans." On January 16th, appellant did return to the partnership office, whereupon respondent removed the books, records and listings to his home. Sometime during the month of February, 1946, appellant relinquished the partnership office, which was thereafter reoccupied by the respondent.

The instant action for declaratory relief was commenced on January 23, 1946, resulting in the judgment from which this appeal is prosecuted.

Appellant urges that the written agreement of partnership cannot be terminated by an unexecuted oral agreement of the parties. In this connection he asserts that "an agreement as to when the money was to be paid was an essential element of this dissolution agreement, and unless the minds of the parties met upon that factor of the oral agreement it would be incomplete and unenforceable."

As heretofore indicated, the principal fact in dispute is when the money was to be paid to appellant by respondent, appellant contending that it was to be paid him within five days after December 26, 1945, the date of the account stated. He also directs attention to the fact that, while respondent testified that he would pay the money out of the proceeds of an escrow involving the sale of his own property, he also testified on cross-examination that he understood the money was to be paid at once. An examination of the record on this point discloses that on redirect examination, respondent denied he ever stated to appellant that he would pay the money at once.

Respondent also testified that on January 14, 1946, there

were insufficient funds in the partnership account to pay a check signed by him in blank, which he mailed to his attorney for delivery to appellant, but that on the Saturday preceding the issuance of the check, to wit: January 12, 1946, he had borrowed $850 from Mr. and Mrs. Korn and had deposited it in said account. From this the trial court could have assumed that on January 15, 1946, when appellant purportedly rescinded the oral agreement of dissolution, sufficient funds were then available in the partnership account from which to pay appellant the sum agreed upon by the accounting of December 26, 1945.

In the case of *Maryland Casualty Co.* v. *Little,* 102 Cal. App. 205, 210 [282 P. 968], it is stated: "If there is no time prescribed by agreement for the duration of a general partnership, it may be totally dissolved by the expressed will of any partner. (§ 2450, Civ. Code; *Shuken* v. *Cohen,* 179 Cal. 279 [176 P. 447]; *McCauley* v. *Eyraud,* 87 Cal.App. 121 [261 P. 760]; *Wilson* v. *Brown,* 96 Cal.App. 140 [273 P. 847].) After the dissolution of a partnership, one partner cannot create any new obligation in the name of the partnership. (§§ 2458, 2462, Civ. Code.)

"Throughout this case respondent has confused the dissolution of a partnership with the liquidation of its affairs. The partnership may be dissolved by agreement of the partners, or the will of one of them, where there is no fixed term of its existence. Such agreement, or the will of one, may be proven by all the circumstances of the case as well as by direct evidence. Complete cessation of partnership business and a division of all, or a major portion of its assets without any objection, express or implied, is strong evidence of an agreement to dissolve. If not explained or refuted, it is sufficient to force the conclusion of a dissolution by agreement. (*Nielson* v. *Gross,* 17 Cal.App. 74 [118 P. 725].) After dissolution, liquidation of the partnership follows. It does not usually precede dissolution, and because the affairs of the partnership are not entirely liquidated and some bills remain unpaid and some property is not divided, cannot overcome satisfactory evidence of dissolution. Dissolution represents the demise of a partnership, and liquidation the settlement of the estate."

█ In the instant cause, the partnership agreement was for a period of one year; appellant sought its dissolution and respondent agreed thereto. This constituted a dissolution

by mutual consent of the partners. (See *Lytle* v. *Kroenke,* 67 Cal.App.2d 596, 602 [154 P.2d 919], citing section 2425, Civil Code, and *Shuken* v. *Cohen,* 179 Cal. 279 [176 P. 447].) Also, see 40 American Jurisprudence 292, section 235, where it is announced: "Notwithstanding a time for the dissolution may be fixed by the partnership articles, or may provide for the duration of the partnership for a given period of time, the partners may by their mutual assent dissolve their relation by agreement before such time, *and this may be accomplished either by an express agreement or by words and acts implying an intention to dissolve the partnership.*" (Emphasis added.)

It is undisputed that the parties hereto not only agreed to a dissolution of the partnership, but they also had an accounting. The case of *Zenos* v. *Harden,* 129 Cal.App. 545, 551 [19 P.2d 67], holds that "An account stated may be oral. (*Converse* v. *Scott,* 137 Cal. 239 [70 P. 13].)"

And, as stated in *Griffeth* v. *Fehsel,* 61 Cal.App.2d 600, 605 [143 P.2d 522]: "Parties to any sort of a business arrangement are their own best judges of the accounts between themselves. They understand their own plans and purposes, as well as their settlements, and after they have reached an understanding to dissolve and have agreed upon an accounting, courts must not undo such mutual extrajudicial determinations. (*Branger* v. *Chevalier,* 9 Cal. 353, 363; 20 Cal. Jur. 810, 920.)"

With respect to the distribution of the property of a partnership, the following is excerpted from 20 California Jurisprudence 804, section 102: "It is not necessary to effect a dissolution that there be a *contemporaneous* division of assets, or arrangement therefor. (*Shuken* v. *Cohen,* 179 Cal. 279 [176 P. 447].)" (Emphasis added.)

Recapitulating the above principles, it conclusively appears that a partnership for a fixed term may be dissolved by mutual assent of the parties thereto; that such dissolution may be accomplished either by an express agreement or by "words and acts implying an intention to dissolve" (40 Am.Jur. 292); and that after dissolution, liquidation follows which includes an accounting and a division of the partnership assets.

An examination of the record discloses substantial evidence in support of the trial court's findings (1) that the partnership herein was terminated on December 24th;

(2) that on December 26th, the parties had an accounting at which time they verbally agreed that the partnership was terminated; and (3) that the sum of $741.97 was to be paid to appellant by respondent upon the consummation of an existing escrow in which respondent was a party. The record also discloses, as hereinbefore discussed, that sufficient funds were available in the partnership account to pay the said sum of $741.97 on January 15, 1946, the date on which appellant purported to rescind the dissolution agreement.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.